UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

DUANE MOORE,

               Defendant.

17-cr-7 (JGK)

MEMORANDUM OPINION
AND ORDER

---

**JOHN G. KOELTL, District Judge:**

    The defendant, Duane Moore, has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), alleging that there are extraordinary and compelling circumstances that justify his release. Section 3582(c)(1)(A) provides that a district court may reduce a sentence after considering the factors set forth in § 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated an "extraordinary and compelling reason" that justifies the sentence reduction. See 18 U.S.C. § 3582(c)(1)(A). The factors in § 3553(a) are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment, (3) the kinds of sentences available; (4) the sentencing guidelines range; (5) any policy statement by the Sentencing Commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution. 18 U.S.C. § 3553(a).

The Court of Appeals for the Second Circuit recently has made it clear that a district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)).

In this case, the Government concedes that the defendant has exhausted his administrative remedies but argues that he has failed to show extraordinary and compelling circumstances justifying his release and, in any event, the relevant § 3553(a) factors argue strongly against release.

The defendant pleaded guilty on August 8, 2017, to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One) and one count of using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). The defendant stipulated that he had robbed two banks and attempted to rob a third. The parties stipulated to a Guideline Sentencing Range of 117 to 131 months' imprisonment, with a mandatory minimum consecutive term of five years' imprisonment on Count Two.

2

The Court downwardly varied from the sentencing range stipulated by the parties and sentenced the defendant principally to 108 months' imprisonment. The defendant has a prospective release date of August 23, 2024.

The defendant argues that he should be afforded an earlier release date based on extraordinary and compelling circumstances. In particular, the defendant points to various physical conditions and the danger of Covid, even though he is fully vaccinated. He also points to the restrictive nature of his conditions of confinement at FCI Fort Dix, New Jersey, and the number of Covid cases at that institution. The defendant also points to his rehabilitation in prison along with the restrictive conditions of confinement to argue that he has shown sufficient "extraordinary and compelling reasons to warrant his immediate release."

Even accepting the defendant's argument that he has shown "extraordinary and compelling reasons" for release, the plaintiff has failed to show that the § 3553(a) factors support his early release. The Court carefully considered all of the § 3553(a) factors at the time of sentencing and determined that a modest reduction from the Guideline Sentencing Range was warranted. No further reduction is warranted at this time. The defendant's conduct was serious: two armed bank robberies, a third attempted robbery and the possession of a firearm. The

3

defendant was in Criminal History Category III, and prior sentences of 18 months' and 46 months' imprisonment had been insufficient to deter the defendant from committing the bank robbery at issue in the current conviction. The Court carefully weighed the need for an increased sentence, but also took into account the fact that the defendant would be at an increased age when he was released from prison and thus the risk of recidivism would be reduced. The Court also recommended that the defendant be admitted to the intensive residential drug treatment program of the Bureau of Prisons. On balance, the Court varied downwardly from the Stipulated Guideline Sentencing Range, but imposed a sentence that was sufficient but no greater than necessary to reflect the seriousness of the offense and the need for deterrence, to protect the public, and to provide the defendant with needed correctional treatment. Those same § 3553(a) factors continue to argue strongly for the sentence that the Court originally imposed and do not justify the reduced sentence that the defendant now seeks.

Therefore, the defendant's application for a sentence reduction under § 3582(c)(1)(A) is **denied.** The Clerk is directed

to mail a copy of this Memorandum Opinion and Order to the pro se defendant and to note service on the docket.

SO ORDERED.
Dated:   New York, New York
         March 28, 2022

                                                          John G. Koeltl
                                      United States District Judge